## REILLY v. KIRK.

The averments in an affidavit by defendant, in support of an application to open a default judgment obtained by the administrator of the deceased plaintiff, that a settlement was had between plaintiff and defendant, whereby plaintiff agreed to drop the action, are properly disregarded in determining the application.

The sustaining of an objection to one ground for opening a default judgment cannot be considered on appeal from an order opening the default on another ground, where defendant does not appeal.

The failure to give notice to defendant in default, of an application to revive the action in the name of the administrator of the deceased plaintiff, is not ground for a vacation of a default judgment subsequently rendered; defendant acquiescing in the revival.

A general denial raises only an issue as to the truth of the allegations constituting plaintiff's cause of action, and evidence of a settlement between the parties subsequent to the commencement of the action, by which the action was to be dropped, but not amounting to payment, is inadmissible.

An application to open a defult judgment is properly denied, where the proposed answer consists only of a general denial, and the affidavit presents a settlement between the parties, by which the action was to be dropped, but does not allege payment.

HANEY and CORSON, JJ., dissenting.

(Opinion filed, October 3, 1911.)

Appeal from Circuit Court, Minnehaha County; Hon. Joseph W. Jones, Judge.

Action by John Smith Kirk, prosecuted after his death by Eugene Reily, as administrator, against Leopold McKean Kirk.

From an order opening a default judgment, plaintiff appeals. Reversed.

*Joe Kirby*, for appellant.  *Bailey & Vorrhees*, for respondent.

McCoy, J.  This is an appeal from on order of the circuit court of Minnehaha county, opening a defaut judgment and permitting defendant to answer, in an action wherein John Smith Kirk was plaintiff and respondent, Leopold McKean Kirk, was defendant.  It appears from the record that the action was commenced on the 26th day of October, 1909, by the personal service upon defendant of a money demand, complaint filed summons, and which summons notified defendant that, unless he appeared and answered the said complaint within 30 days, plaintiff would take judgment against him by default for the sum of $1,958.40, together with interest and costs.  The defendant did not appear or answer or demur to the complaint within said 30 days.  The plaintiff died on the 17th day of March, 1910, without having taken or entered a default judgment against defendant, or without having taken further proceedings in the action, other than the service of said summons.  Thereafter Eugene Reiley, the appellant, was appointed administrator of the estate of said John Smith Kirk, and thereafter, on the 15th day of August, 1910, on motion of said Reiley, as said administrator ex parte, and without notice to respondent, the court made an order reviving and continuing the said cause in the name of Eugene Reiley as such administrator, and substituting him as plaintiff for and instead of John Smith Kirk, deceased, without prejudice to any of the proceedings then already had in the action.  No objection was ever made to the entry of said order or motion made to vacate the same, or appeal ever taken from this order of revival and continuance, but the same still stands as a valid and proper order, fully acquiesced in by respondent. Thereafter, on the 19th day of September, 1910, without notice to respondent, upon due proof having been made as to the default of defendant and his failure to appear in said action, or answer or demur to the complaint filed, the court rendered and entered judgment against respondent in accordance with the demand and notice contained in said summons theretofore served

upon him in said action. Thereafter, on, the 27th day of December, 1910, respondent moved the court to open said default judgment and permit respondent to answer in the action; said motion being based upon an affidavit of respondent and a verified proposed answer, consisting of a general denial only. The affidavit of respondent, among other things, contained a statement of the prior proceedings in the action, substantially as hereinbefore mentioned; that said John Smith Kirk was the father of deponent; that the cause of action alleged in the complaint related to an account for rents for lands leased by deponent from his father, and for cattle, horses, hogs, grain, and tools alleged to have been sold to deponent; that deponent received no notice of any kind of the application of said Eugene Reiley, as administrator, to be substituted as plaintiff in place of said John Smith Kirk, deceased; that the order of the court was made ex parte without notice to deponent, or without opportunity to oppose the same, or to be represented on the hearing of said motion; that at the time the said summons was served upon deponent the said John Smith Kirk was in Washington, D. C., and deponent corresponded with him regarding this suit, that a settlement was agreed upon, whereby the said John Smith Kirk agreed to drop this action, and stated to deponent in said correspondence that he need pay no further attention to the suit, and need not appear in this action, assuring deponent that no further steps would be taken by him against depondent; that depondent subsequently left Sioux Falls and took up his residence in Montana, where he has since resided, and deponent had some further correspondence with his father, who wrote deponent that he did not intend to take judgment against him, and that the action had been dropped, and that depondent need pay no attention to the summons; that deponent has destroyed said correspondence, as he had no idea he would ever need to refer to said letters again.

Upon the hearing of the motion to open said default, the court made and entered the following order: "The court having examined the files and proceedings thereupon, and the affidavit of Leopold McKean Kirk, offered in support of said application,

and the plaintiff on said hearing having objected to the consideration of that part of the affidavit of Leopold McKean Kirk which related to statements made or transactions had by defendant with the said John Smith Kirk during his lifetime, and said objections being sustained, and the court refusing to consider the part of said affidavit so objected to, but being of the opinion that the defendant should be allowed to answer, because no notice was given to him of the application for the revival of said action, or the revival thereof by the substitution of the present plaintifff in the place of John Smith Kirk: Now, therefore, on motion of Bailey & Voorhees, attorneys for defendant, it is hereby ordered that said judgment be and the same hereby is opened, and the defendant is hereby permitted to serve and file his answer to the complaint herein, and that said action may proceed to trial and determination in all respects as though said default had not been entered."

To the making of the foregoing order, so far as the same grants the defendant a new trial and allows him to answer herein, the plaintiff duly excepted, and the exception was allowed. From the order opening said default and allowing defendant to answer, plaintiff has appealed, assigning as error the making and entering of said order.

[1-3] The court having properly sustained the objection to and refused to consider that portion of the alleged settlement and dropping of said action by said John Smith Kirk, and the defendant not having appealed from said ruling of the court, left only the fact that respondent had no notice of the application to revive and continue the action as a ground for opening the default. We are of the opinion that this was no reason or ground whatever for the opening of the default judgment. If notice of the application to revive and continue the action in the name of plaintiff was necessary at all, it might have furnished a ground for vacating the order of revival and continuance, but respondent not having objected to the ruling of the court in granting the application to revive and continue, but, on the contrary, having acquiesced therein and accepted and treated such order as valid, it thereupon

becomes immaterial whether respondent had any notice of such application or not. Hence there was no ground or reason whatever before the court upon which the default judgment in question was authorized to be opened.

[4, 5] Again, even if no objection had been made and sustained to any part of respondent's affidavit, his proposed answer consists of a general denial only. A general denial would only raise an issue as to the truth of the allegations constituting plaintiff's cause of action. Inferentially, at least, respondent, by his affidavit, admits plaintiff's cause of action, but claims he made a settlement with his father; but what the facts and circumstances of the settlement really were he does not state. He makes no claim of payment, but says he made a settlement, whereby his father agreed to drop the action. We do not apprehend that the facts and circumstances of such an agreement or settlement could be given in evidence under a general denial.

The order opening said default judgment and permitting respondent, as defendant below, to answer to the merits of the action is reversed.